**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE AMARO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 09-2294 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION AND SUMMARY**

On December 29, 2009, plaintiff Alice Amaro ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of supplemental security income benefits ("SSI"). [Docket No. 3.]

On March 5, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 11, 12, 13.]

Now, having carefully studied, *inter alia*, the parties' written submissions and the administrative record, the Court finds that, as detailed below, this is essentially a

case of mental impairments versus substance abuse and, here, the Administrative Law Judge ("ALJ") failed to properly evaluate whether the latter is a contributing factor *material* to her disability. The Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.
## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 35 years old on the date of her first administrative hearing, has a ninth grade education. (*See* Administrative Record ("AR") at 78, 91, 687.)

On May 12, 2006, Plaintiff protectively filed for SSI, alleging that she has been disabled since May 5, 2004 due to mental illness. (*See* AR at 57, 70, 78-83, 84.) Plaintiff's application was denied initially and upon reconsideration, after which she filed a request for a hearing. (*Id.* at 43, 44, 55, 57-61, 70-74.)

On January 10, 2008, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 687, 689-696, 706-710.) Deborah Lutjens ("Ms. Lutjens"), Plaintiff's case manager from Riverside County Department of Mental Health, also testified. (*Id.* at 697-706, 709-10.) Sandra Richter, a vocational expert ("VE"), appeared but did not testify. (*See id.* at 687; *see generally id.* at 689-711.)

On April 23, 2008, a second administrative hearing was held in order to obtain expert testimony due to new evidence that was added to Plaintiff's file. (*See* AR at 712, 714.) The ALJ heard testimony from Edward Jasinski, Ph.D., a medical expert ("ME"). (*Id.* at 717-22.) Plaintiff, represented by counsel, and a VE appeared, but did not testify. (*See id.* at 712; *see generally id.* at 714-23.)

On September 17, 2008, the ALJ denied Plaintiff's request for benefits. (AR at 20-26.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her SSI application date. (*Id.* at 22.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of a "history of bipolar disorder or major depression with psychotic features and methamphetamine abuse or dependence." (AR at 23 (emphasis omitted).)

At step three, the ALJ determined that the severity of Plaintiff's impairments, including the substance abuse disorder, met the requirements of Listing 12.09 set forth in the Social Security regulations.[1] (AR at 17.) However, the ALJ also determined that Plaintiff's methamphetamine dependence was a contributing factor material to the finding of disability. (*Id.* at 23, 26.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that, "[i]f [Plaintiff] stopped the substance use, the remaining limitations would not cause more than a minimal impact on [Plaintiff's] ability to perform basic work activities." (AR at 23 (emphasis omitted).) Specifically, the ALJ found that without substance use, Plaintiff "would have mild limitation" in "activities of daily living," "social functioning" and "concentration, persistence, or pace." (*Id.* at 25-26.)

The ALJ concluded that absent any substance abuse, Plaintiff "would not have a severe impairment or combination of impairments." (AR at 23 (emphasis omitted).) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 21, 26.)

Plaintiff filed a timely request for review of the ALJ's decision, which was

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

denied by the Appeals Council. (AR at 4-6, 10.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

///
///

## IV.
## **ISSUES PRESENTED**

Three disputed issues are presented for decision here:

1. whether the ALJ erred in her step two finding that Plaintiff had a severe substance abuse disorder, (Pl.'s Br. at 8-9; Reply at 1-4);

2. whether Plaintiff's impairments met or equaled Listing 12.01, 12.04, 12.06, or 12.08, (Pl.'s Br. at 9-10); and

3. whether the ALJ erred in finding that Plaintiff's drug addiction was a contributing factor material to a finding of disability. (*Id.* at 10-15; Reply at 4-5.)

Under the circumstances here, the Court finds that the third issue is dispositive of this matter, and does not reach the remaining two issues.

## V.
## **DISCUSSION AND ANALYSIS**

Plaintiff contends that "the evidence shows that drug addiction was not a contributing factor material to a finding of disability." (Pl.'s Br. at 10 (emphasis omitted).)

Plaintiff argues that "[t]here is affirmative evidence that any supposed substance abuse did not contribute to [Plaintiff's] mental impairments in any material way." (Pl.'s Br. at 10.) Further, Plaintiff maintains that "the ALJ did not rely on any countervailing and substantial evidence [that Plaintiff's] symptoms of mental impairment were similar to her symptoms when supposedly on methamphetamines." (*Id.* at 12.)

    A.    <u>The ALJ Must Determine Whether Plaintiff's Drug Addiction Was a Contributing Factor Material to the Determination of Disability</u>

Title 42 U.S.C. § 423(d)(2)(C) provides that "[a]n individual shall not be considered to be disabled for purposes of [benefits under Title II or XVI of the Act] if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." *See also Sousa v.*

*Callahan*, 143 F.3d 1240, 1242 (9th Cir. 1998). The Social Security regulations echo Section 423:

> If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor to the determination of disability.

20 C.F.R. §§ 404.1535(a) & 416.935(a); *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Specifically, the ALJ must "first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction." *Bustamante*, 262 F.3d at 955. "If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis[.]" *Id.*

However, "[i]f the ALJ finds that the claimant is disabled and there is medical evidence of his or her drug addiction or alcoholism, then the ALJ should to determine if the claimant would still be found disabled if he or she stopped using alcohol or drugs." *Bustamante*, 262 F.3d at 955 (internal brackets, quotation marks, and citation omitted).

The "claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his [or her] disability." *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007), *cert. denied*, 552 U.S. 1141 (2008).

B. <u>Evidence of Plaintiff's Mental Impairments and Substance Abuse</u>

The record is replete with evidence of Plaintiff's mental impairments.

On December 13, 2006, Plaintiff was admitted to Fontana Medical Center while she was in jail. (AR at 218.) The next day, on December 14, 2006, a treating physician at Fontana Medical Center diagnosed Plaintiff with a history of bipolar

disorder and major depression with psychotic symptoms.[3/] (AR at 222.)

Approximately a month later, on January 25, 2007, psychiatrist Romualdo R. Rodriguez, M.D. ("Dr. Rodriguez") performed a complete psychiatric evaluation of Plaintiff. (AR at 191-98.) Dr. Rodriguez did not review any of Plaintiff's medical records in performing his evaluation. (*Id.* at 191.)

Dr. Rodriguez found Plaintiff to be a "reliable historian," "no evidence of exaggeration or manipulation," and that Plaintiff "is probably not under the influence of drugs or alcohol for this interview." (AR at 191, 194.)

Dr. Rodriguez noted Plaintiff's "chaotic childhood and psychiatric history involving emotional and physical abuse." (AR at 192.) Dr. Rodriguez reported that her "first marriage ended after three years because he was physically abusive" and she "currently lives with a boyfriend who beats her." (*Id.* at 193.) Dr. Rodriguez described that Plaintiff's face "is currently bruised during this interview." (*Id.* at 194.)

Dr. Rodriguez indicated that Plaintiff's medications include "lithium, Paxil, trazodone, and Seroquel" and she "has been on and off psychiatric medications since about 13 or 14 years of age." (AR at 191, 192.) Dr. Rodriguez diagnosed Plaintiff with attention deficit hyperactivity disorder ("ADHD"), post-traumatic stress disorder ("PTSD"), and provided a rule-out diagnosis[4/] of drug and alcohol abuse/dependence. (*Id.* at 196.) Dr. Rodriguez opined that "if [Plaintiff] ensured

---

[3/] At that juncture at least, there did not appear to be evidence of substance abuse. An initial toxicology screen showed Plaintiff tested positive for Tylenol, but was "otherwise all negative." (AR at 220.)

[4/] A "rule-out" diagnosis is not a diagnosis. In the medical context, a "rule-out" diagnosis means there is evidence that the criteria for a diagnosis *may* be met, but more information is needed in order to rule it out. *See Langford v. Astrue*, 2008 WL 2073951, at *3 (E.D. Cal. 2008); *United States v. Grape*, 549 F.3d 591, 593-94 n. 2 (3rd Cir. 2008); *Williams v. United States*, 747 F. Supp. 967, 978 n. 19 (S.D.N.Y. 1990).

7

total abstinence from all drugs and alcohol which she denies, and ensured proper psychiatric help and if she were to leave the current abusive relationship she is in she could significantly improve within 12 months." (*Id.* at 197.)

Next comes non-examining physician K. J. Loomis, M.D. ("Dr. Loomis"). On January 31, 2007, a few days after Dr. Rodriguez's assessment, Dr. Loomis completed a Psychiatric Review Technique Form. (AR at 159-69.) Dr. Loomis found that Plaintiff suffers from an anxiety-related disorder, substance addiction disorder, and PTSD "by history." (*Id.* at 159, 163.)

Dr. Loomis found that Plaintiff did not suffer from any restriction of activities of daily living, difficulties in maintaining social functioning, or any repeated episodes of decompensation, each of extended duration. (AR at 167.) Dr. Loomis further opined that Plaintiff had mild difficulties in maintaining concentration, persistence or pace. (*Id.*)

On August 9, 2007, an adult intake assessment from the Riverside County Department of Mental Health ("RCDMH") reported that Plaintiff "entered foster care [at the age of 13] due to [her] father being charged and found guilty for molesting her older sister." (AR at 325-327.) The assessment also indicated that Plaintiff was molested by her grandfather at the age of 12, "became suicidal" when her father "went to prison," and "was molested by her mother's boyfriends" during weekend visits from the age of 15. (*Id.* at 325.) A prior intake assessment dated January 3, 2007 reported Plaintiff was "[f]irst hospitalized at age 15 at Charter Oaks due to [a suicide attempt]" and was hospitalized at age 20 for a subsequent suicide attempt. (*Id.* at 405.)

On August 24, 2007, a treating physician at RCDMH diagnosed Plaintiff with bipolar disorder and provided a rule-out diagnosis of schizophrenia. (AR at 329.) The RCDMH treating physician also noted Plaintiff's legal history based on domestic violence against her boyfriend and/or spouse. (*Id.* at 331-32.)

At the first administrative hearing on January 10, 2008, Plaintiff's case

8

manager from RCDMH, Ms. Lutjens, testified that she sees Plaintiff three days a week and also communicates with her over the telephone multiple times a week. (AR at 698.)  Ms. Lutjens explained that she has been Plaintiff's case manager since August of 2006.  (*Id.*)

Ms. Lutjens testified that Plaintiff's psychiatric "medications are so strong that she has a hard time getting up in the morning, or sometimes she just won't get up and get out of bed unless I call or come and get her out of bed."  (AR at 698.) Ms. Lutjens reported that she was aware that "on the county computers, it does show episodes [of depression] for a long period of time" and that Plaintiff "has a history of mental illness."  (*Id.* at 700.)  Ms. Lutjens stated that she monitors Plaintiff on whether she completes her chores, such as "cleaning her room, and whatever chores assigned to her for the week," at her housing facility "because she doesn't do it on her own."  (*Id.* at 701.)

Further, Ms. Lutjens testified that "I can honestly tell you when she is not on medications, she appears to look like she's on drugs.  So when she is on medication, she's more stable than if she's not.  And people tend to think that when she's not on medications, that she's either drunk or high on drugs."  (AR at 705.)  Ms. Lutjens reported, however, that she did not think Plaintiff is on drugs, elaborating "[t]hat's how [Plaintiff] is when she doesn't take her medication[ a]nd it's always been like that for her."  (*Id.*)

C.  The ALJ's Assessment of Plaintiff's Substance Abuse

As mentioned above, the ALJ found that "if [Plaintiff] stopped the substance use, the remaining limitations would not significantly limit her ability to perform basic work activities."  (AR at 24.)  In making this finding, the ALJ relied on the opinions of Dr. Rodriguez and Dr. Loomis.  (*See id.* at 24-25.)

D.  The ALJ Improperly Evaluated Plaintiff's Substance Abuse

In sum, this Court is persuaded that the ALJ's conclusion that Plaintiff's substance abuse is a material contributing factor to disability is not supported by

9

substantial evidence on this record. Four reasons guide this Court's determination.

First, the ALJ's reliance on examining psychiatrist Dr. Rodriguez was misplaced. Dr. Rodriguez did not review *any* of Plaintiff's extensive medical record before formulating his opinion regarding Plaintiff's limitations without the presence of substance abuse. Consultative examiners should be provided with necessary background information regarding the claimant's condition. *See* 20 C.F.R. § 416.917. Accordingly, Dr. Rodriguez's isolated and barren examination of Plaintiff cannot be afforded great weight. *See Ladue v. Chater*, 1996 WL 83880, at *5 (N.D. Cal. 1996) (error for an ALJ to afford considerable weight to an examining physician where that physician "lack[s] important background information regarding plaintiff").

Second, the ALJ faltered in relying on Dr. Loomis' opinion. Dr. Loomis completed the Psychiatric Review Technique form on January 31, 2007. (AR at 159-69.) However, a significant portion of Plaintiff's treatment records from the Riverside County Department of Mental Health were completed and submitted *after* January 2007. (*See, e.g., id.* at 325.) Accordingly, similar to Dr. Rodriguez's opinion, non-examining and reviewing physician Dr. Loomis' opinion is entitled to little weight.

Third, this record contains many instances demonstrating that Plaintiff suffers from mental impairments and limitations, *e.g.*, she has difficulty with anger and completing tasks, her thought contains delusional and paranoid content, (AR at 218-20, 464, 474, 519, 534, 643), without the effects of any substance abuse.

Fourth and notably, while Defendant argues that the ALJ properly relied on the ME's opinion in determining that "absent substance abuse, Plaintiff would have no functional limitations," that is neither what the ALJ cited, nor what the ME testified to at the hearing. (Def.'s Br. at 5.)

The Court's review is limited to the reasons *actually cited* by the ALJ in her decision, specifically, in finding that Plaintiff is capable of working absent any

substance abuse. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). However, the ALJ did not explicitly rely on the ME's opinion in making this finding.

In any event, to the extent that the ALJ relied on the ME's opinion in finding that substance abuse is a material factor causing disability, the ALJ's decision lacks substantial support. The ME testified that he could not opine as to Plaintiff's limitations absent substance abuse. (*See* AR at 719 (ME testifying that he could not "rate the B criteria," *i.e.*, the degree of functional limitations, if "you factor out the meth abuse").)

At best, the ME stated that "[a]bsen[t] substance abuse," he would "*expect* [the limitations] to be significantly less[,]" but would need "more information" such as "actual drug screenings" to make a conclusive determination. (AR at 720 (emphasis added).) Thus, the Court finds that the ME did not provide a plain statement as to whether Plaintiff suffers from disabling impairments absent any drug abuse. *See Lewis v. Astrue*, 2010 WL 4718792, at *6 (C.D. Cal. 2010) ("[T]he record does not contain a clear statement from a medical professional as to the effect on Plaintiff's claimed mental impairment if she were to abstain from all substance abuse.").

## VI.
## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be

1  resolved before a determination can be made, and it is not clear from the record that
2  the ALJ would be required to find plaintiff disabled if all the evidence were properly
3  evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211
4  F.3d at 1179-80.

5  Here, without substantial evidence in the record that substance abuse is a material contributing factor and that, absent the abuse, Plaintiff has the capacity to work and sustain employment, remand is required. Because the record does not contain a clear statement from a medical professional supported by substantial evidence as to the effect on Plaintiff's mental impairments if she were to abstain from all substance abuse, on remand, the ALJ shall obtain additional information and clarification regarding Plaintiff's limitations *if* she were to abstain from all substance abuse.

Further, the ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions.[5]

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: March 14, 2011                    _____
                                          Hon. Jay C. Gandhi
                                          United States Magistrate Judge

---

[5] In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contentions. (*See* Pl.'s Br. at 8-10; Reply at 1-4.)

12